Not For Publication

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 07-31860 |
| | ) | | |
| JAMIE LYN H. DREZEK, | ) | CHAPTER | 7 |
| | ) | | |
| DEBTOR. | ) | DOC. I.D. NOS. | 35, 37 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### APPEARANCES

| | |
|---|---|
| Michael J. Daly, Esq.<br>Law Offices of Michael J. Daly<br>3 Forest Park Drive<br>Farmington, CT 06032 | Trustee/Movant |
| | |
| Lawrence S. Dressler, Esq.<br>Dressler Law Firm<br>12 Trumbull Street<br>New Haven, CT 06510 | Respondent |

### MEMORANDUM OF DECISION RE:
### MOTION FOR ORDER COMPELLING DISGORGEMENT OF ATTORNEY'S FEES

Lorraine Murphy Weil, United States Bankruptcy Judge

   Before the court are (a) the chapter 7 trustee's (the "Trustee") Motion for an Order Compelling the Disgorgement of Attorney's Fees (Doc. I.D. No. 35, the "Motion")[1] pursuant to 11 U.S.C. § 329(b) and (b) the objection (Doc. I.D. No. 37, the "Objection") thereto filed by Lawrence S. Dressler, Esq. The court has jurisdiction over this matter as a core proceeding pursuant

---

   [1] Citations herein to the docket of this bankruptcy case are in the following form: "Doc. I.D. No. ____." A hearing (the "Hearing") on the Motion and Objection was held on February 6, 2008. Citations to the Hearing appear in the following form: "Hearing Record at ___:___:___."

to 28 U.S.C. §§ 157(b) and 1334(b) and that certain Order dated September 21, 1984 of this District (Daly, C.J.).[2]

## I. BACKGROUND

On August 15, 2007, the Debtor commenced the instant bankruptcy case by the filing of a chapter 7 petition. (Doc. I.D. No. 1.) A complete set of schedules (*see id.*, the "Schedules") was filed along with the petition. No mention of the Lawsuit (as hereafter defined) was made in the Schedules. The Bankruptcy Code § 341 Meeting (the "Section 341 Meeting") initially was scheduled for September 14, 2007 but was continued to October 12, 2007. The bar date for filing complaints objecting to discharge or seeking a determination of nondischargeability was November 13, 2007. (*See* Doc. I.D. No. 9.)

On October 10, 2007, the Debtor filed amended Schedules. (Doc. I.D. No. 16, the "First Amended Schedules.") The First Amended Schedules listed as an asset "Contract dispute; Drezek, Craig ET AL v. A. Natale Construction; Docket# CV-05-4005476-S." (First Amended Schedules (Schedule B - Personal Property, item # 21), the "Lawsuit.") The Lawsuit was scheduled as a "contingent and unliquidated claim[]" held by the Debtor in the amount of $9,200.00. (*See id.*) In the First Amended Schedules, the Debtor exempted the Lawsuit pursuant to 11 U.S.C. § 522(d)(5). (*See* First Amended Schedules (Schedule C - Property Claimed as Exempt).)

On October 12, 2007, the Section 341 Meeting was convened. According to the Trustee, the Debtor and Attorney Dressler appeared at the meeting but the Debtor "appeared confused when questioned about the value" of the Lawsuit as scheduled. (Motion ¶ 5.) The Trustee states further

---

[2] That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings arising under Title 11, U.S.C., or arising in . . . a case under Title 11, U.S.C. . . . ."

2

that Attorney Dressler explained that the amount of $9,200.00 was claimed as exemptible from the Lawsuit because it was the balance of the Bankruptcy Code § 522(d)(5) exemption. (*Id.*) After informing Attorney Dressler and the Debtor of the need for accurate schedules, the Trustee continued the Section 341 Meeting to November 9, 2007. (*See id.* ¶ 6.)

According to Attorney Dressler, at the Section 341 Meeting, he informed the Trustee that (1) the Lawsuit "had little or no value" and (2) the defendant in the Lawsuit "was in foreclosure and probably would be filing bankruptcy." (Objection at 1.) As a result, Attorney Dressler states that the Trustee instructed him to amend the Schedules to reflect that the Lawsuit had no value, to correct the exemption accordingly and to provide a copy of the complaint (the "Complaint") in respect of the Lawsuit. (*Id.*) Attorney Dressler stated that the Trustee indicated that the continued Section 341 Meeting would not go forward if Attorney Dressler complied with the foregoing instructions.

On October 15, 2007, Attorney Dressler filed amended Schedules (Doc. I.D. No. 20, the "Second Amended Schedules"). The Second Amended Schedules listed the Lawsuit as a "joint" asset (with the Debtor's non-debtor husband) and valued the Debtor's interest at $100.00. (*See* Second Amended Schedules (Schedule B - Personal Property, item #21).) The Debtor claimed no exemption with respect to the Lawsuit. (*See id.* (Schedule C - Property claimed as Exempt).)[3] On or about October 16, 2007, Attorney Dressler faxed the Complaint to the Trustee. (Motion ¶ 7.) The Complaint sought damages in excess of $15,000.00. (*Id.*)

Subsequently, Attorney Dressler called the Trustee "to verify that the meeting of creditors would not be going forward." (Objection at 2.) Apparently, during that telephone conversation, the

---

[3] Because the Second Amended Schedules were incorrectly filed, they were refiled on October 22, 2007. (*See* Doc. I.D. No. 23.)

Trustee inquired about prejudgment attachments of $45,000.00 in respect of the Lawsuit.[4]  On or about November 7, 2007, after speaking with Michael Hillis, Esq., the attorney for the Debtor in the Lawsuit, Attorney Dressler faxed a letter (a copy of which is annexed to the Objection, the "Letter") to the Trustee.  The Letter explained (among other things) that the attachments attached to two pieces of real estate owned by the defendant in the Lawsuit.  However, foreclosure proceedings had been commenced against both properties and one of the proceedings currently was before the Appellate Court.  Further, the Letter stated that the attachments were junior to a number of prior encumbrances.  In light of the pending appeal, the Debtor's position of junior priority, accruing interests and penalties and costs associated with the proceedings, the Letter indicated that Attorney Hillis "did not expect to receive any monies from" the Lawsuit.  (*See* Letter.)  Finally, Attorney Dressler indicated in the Letter that he would amend the Schedules "to reflect a zero value for this asset." (*See* Letter.)

At the Hearing, the Trustee stated that he never saw the Letter and that it was not a part of his file. (Hearing Record at 2:49:18 *et seq*.)  He concedes that had he seen the Letter, his issues with the Lawsuit valuation would have been resolved.  (*Id.*)

On November 7, 2007, Attorney Dressler amended the Schedules. (Doc. I.D. No. 27, the "Third Amended Schedules").  The Third Amended Schedules listed the Lawsuit as a "joint" asset and valued the Debtor's interest at $0.00.  (*See id.* (Schedule B - Personal Property, item #21).)

On November 12, 2007, the Trustee filed a motion (Doc. I.D. No. 30, the "Motion To Extend") seeking to extend the bar date for filing complaints objecting to the Debtor's discharge.

---

[4]     That information was gleaned from the Complaint and/or other documentation that Attorney Dressler faxed to the Trustee with the Complaint. (Hearing Record at 2:43:03 *et seq*.)

On November 21, 2007, an order (Doc. I.D. No. 32) entered extending the discharge bar date to January 11, 2008.

The Section 341 Meeting subsequently was continued to November 30, 2007. At that meeting, the Trustee was presented with a letter from Attorney Hillis that, for the reasons stated in the Letter, the Debtor would not realize any monies from the Lawsuit and should abandon the Lawsuit. (Motion ¶ 13.)[5] The Trustee examined the Debtor with respect to (among other things) her understanding of that letter and then concluded the Section 341 Meeting. (*Id.*) On December 3, 2007, the Trustee filed the Report of No Distribution (Doc. I.D. No. 34), and on January 24, 2008, the Debtor received her chapter 7 discharge (Doc. I.D. No. 42).

In connection with this bankruptcy case, Attorney Dressler charged the Debtor $1,200.00. (*See* Doc. I.D. No. 26, Amended Disclosure of Compensation of Attorney for Debtor.) That fee did not include representation of the Debtor in adversary proceedings and contested matters. (*See id.*) Such fee did, however, include a $299 chapter 7 filing fee. (*See* Objection at 3.)

As noted, the Hearing was held on February 6, 2008. The Trustee and Attorney Dressler attended the hearing and made their arguments on the record. The matters are now ripe for decision.

## II.    DISCUSSION

Bankruptcy Code § 329(a) provides in pertinent part:

> If . . . [an attorney's] compensation exceeds the reasonable value of any . . . services, the court may cancel any . . . agreement [with the Debtor], or order the return of any . . . payment, to the extent excessive . . . .

---

[5] There is a dispute as to whether the letter from Attorney Hillis was procured as a result of a conversation between the Trustee and the Debtor's husband that took place after the Motion To Extend was filed or as a result of a conversation between the Trustee and Attorney Dressler. Ultimately, a resolution of that dispute is not necessary here in light of the court's determination.

11 U.S.C. § 329(b) (West 2008). "The plain language of § 329 provides that there must first be a determination that the fees are excessive. Only after that determination, and only to the extent excessive, would there be a disgorgement." *Schroeder v. Rouse (In re Redding),* 247 B.R. 474, 478-79 (B.A.P. 8th Cir. 2000). The court "retains broad discretion in awarding appropriate fees in matters before it." *Matter of Ferkauf, Inc.,* 42 B.R. 852, 853 (Bankr. S.D.N.Y. 1984), *aff'd,* 56 B.R. 774 (S.D.N.Y. 1985).

The Trustee contends that this was not a complicated chapter 7 case as the Debtor has a single piece of real property, minimal personal property and a small number of creditors. The Trustee argues that because Attorney Dressler failed to ascertain the value of the Lawsuit and intentionally misrepresented its value in the Schedules (and the amendments), which resulted in continued Section 341 Meetings, hardship to the Debtor, the filing of several amendments and a waste of the Trustee and his staff's time, his fees should be subject to disgorgement. (*See* Hearing Record at 2:48:45 *et seq.*)

Attorney Dressler counters that his fees were reasonable because in addition to reviewing information pertaining to the Debtor's residence, employment and taxes, he also had meetings with the Debtor and her husband, attended Section 341 Meetings, provided information to the UST with respect to the income of the Debtor's spouse, spent a considerable amount of time researching the Lawsuit on the Connecticut Judicial website, and discussing the Lawsuit with the Trustee and Attorney Hillis. Furthermore, Attorney Dressler states that the fees also include expenses and costs.

The court determines that Attorney Dressler's fees are not excessive and are reasonable. Attorney Dressler was paid $901.00 for representing the Debtor in this case. Based on this court's observation of fees charged by attorneys representing chapter 7 debtors, Attorney Dressler's fees are

comparable. Furthermore, the Trustee concedes that the fees are not excessive. Consequently, because the fees are reasonable, they are not subject to disgorgement. *See Redding, supra.*

The court further determines that it will not order disgorgement of fees as a sanction against Attorney Dressler with respect to his valuation of the Lawsuit. The court agrees with the Trustee that the schedules should contain accurate information to permit trustees to administer each case effectively. The court also agrees that the Schedules filed in this case were not accurate. On the other hand, the Letter explained the inability of the Debtor to collect any monies from the Lawsuit and provided some explanation as to why Attorney Dressler valued the Lawsuit as he did in the Schedules (and the amendments). The court cannot discount the existence of the Letter or the Trustee's concession that had he seen the Letter, all of his concerns would have been addressed. In light of the circumstances of this case, the court deems it a sufficient sanction that Attorney Dressler had to file the Objection and appear in court to defend his actions.

### III.  CONCLUSION

For the foregoing reasons, marginal orders will enter (1) denying the Motion and (2) sustaining the Objection.

Dated: March 27, 2008                                          BY THE COURT

                                                    Lorraine Murphy Weil
                                                    United States Bankruptcy Judge